WISEMAN v. GRAHAM.

Opinion delivered November 26, 1928.

*John Mayes,* for appellant.

SMITH, J. In October, 1924, appellees shipped a car of apples from Springdale, Arkansas, to Winchester, Tennessee, and Eura Baggett was sent along to sell the apples. About the same time appellant, Bradley, also shipped from Springdale a car of apples to Winchester, Tennessee, and J. B. Wiseman was sent along to sell these apples. Neither shipper knew of the other shipment until after the arrival of the apples in Winchester. :

The two cars arrived in Winchester about the same time, and both were unloaded in the same building, and for about a week each agent sold for his principal as many apples as he could. Baggett testified that he and Wiseman had more apples than they could sell, and both were on expense, and each had a helper employed. Baggett proposed that Wiseman take charge of both cars and employ one assistant, and that the apples be sold for the joint account of the owners, and, after expenses were paid, that the balance be equally divided. Baggett further testified that, pursuant to this understanding, he turned his apples over to Wiseman and came home, and

Wiseman later submitted to him a statement showing the sale of $305.50 worth of apples after this agreement had been made. It is undisputed that Wiseman collected for appellees $16.55 on account of overcharge on freight.

Wiseman denied that he had agreed to sell appellees' apples, or that he had sold any of them. He testified that Baggett sold as many of the apples as he could, and left, after asking witness to pay a board bill of $18 for him. This witness did by giving the boarding-house keeper apples belonging to Baggett's principal. Witness had the greatest difficulty selling the apples belonging to Bradley, and four or five weeks were required for that purpose. He further testified that the apples which he sold did not pay expenses, and that he had no authority from his principal except to sell his principal's apples. He admitted collecting the excess freight, but testified that he did this as an accommodation. It was not denied that a tender of this excess freight was made and declined.

There was a verdict and judgment in favor of appellees for $100, and this appeal is from that judgment.

An instruction was asked on behalf of appellant to the effect that Wiseman was a special agent, without power or authority to enter into the alleged contract with Baggett as the agent of appellees. This instruction was refused, and appellant then requested the following instruction: "You are instructed that all parties dealing with a special agent must ascertain the limitations upon his authority, and his principal is not bound by any act of his special agent unless such act was expressly authorized by this principal." This instruction was also refused.

The court submitted to the jury the question of fact whether Baggett and Wiseman had made a contract, and, if so, what its terms were, and directed the jury, if they found there was a contract for the joint sale of the apples, to state an account between the parties and to return a verdict accordingly.

The motion for a new trial questions only the sufficiency and competency of the testimony to establish a

joint adventure for the sale of the apples. The verdict of the jury is conclusive of the fact that Baggett and Wiseman made an agreement for a joint adventure in the matter of the sale of the apples, and we think the court did not err in refusing to declare as a matter of law that the testimony was insufficient to support a finding that Baggett and Wiseman had authority to make such an agreement. It is true Baggett and Wiseman were special agents, but the agency was special in the sense that the agency was confined to the sale of the apples, but their agreement related to this subject, and did not extend beyond it.

The receipt of the two cars of apples on the same day "flooded" the apple market at Winchester, and by the end of the first week, when the agreement was made, it was apparent to both agents that the expense of selling the apples would consume, not only the profits, but the total proceeds of the sale, and a joint adventure, whereby expenses were to be shared and proceeds to be divided, was an agreement which, we think, the jury was warranted in finding was within the scope of the authority of these agents to make in the discharge of their agency to sell apples.

The contract made between Baggett and Wiseman was not a delegation of the agency of either, but was an agreement whereby Baggett employed a subagent, in doing which a joint adventure was created.

A leading case on the right of an agent to employ a subagent or an assistant is that of *Day* v. *Noble*, 2 Pick. (Mass.) 615, 13 Am. Dec. 463. In that case the master of a vessel, who had carried goods to a distant port with orders to dispose of them to the best advantage, was held to have authority, failing to find a purchaser, to place the goods in the hands of a merchant to be sold for the owner's benefit.

The judgment of the court below must be affirmed, and it is so ordered.